UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
JAY BRADSHAW
          PLAINTIFF,

    _AGAINST_

THE CITY OF NEW YORK; OFFICER
CROFT and BONILLA, Individually
and as members of the New York
City Department of Correction,
                    Defendants.
------------------------------------

AMENDED COMPLAINT

JURY TRIAL DEMANDED

15 Civ. 8252(LGS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-8-16

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages pusuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. As set forth more fully herein, Plaintiff was gang assaulted, at which he sustained serious injuries, while in the presence of the New York City Correction Officer.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## DEMAND FOR A JURY TRIAL

5. Pursuant to Fed. R. Civ. R. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jay Bradshaw ("Plaintiff" or "Ma. Bradshaw") is thirty one (31) year old African American man who resides in the State of New York.

7. The City of New York @as and is a municipal corporation organized under the laws of the State of New York.

8. Defendant OFFICER CROFT #17804, at all relevant times was employed by the New York City Department of Correction, acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York and acted within the scope of her employment. She is sued in here individual and official capacity.

9. Defendant BONILLA ("O8FICER BONILLA"), at all relevant times, was employed by the New York City Department of Correction,

acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York and acted within the scope of his employment. He is sued in his individual and official capacity.

10. The New York City Department of Correction ("DOC") is and agency of the CITY OF NEW YORK, officers empboyed by the DOC are agents and employees of the City of New York, which is legally responsible for torts they commit within the scope of their employment and/or under color of law.

## STATEMENT OF FACTS

11. On April 30, 2015, at approximately 2:30 a.m., I was housed in Quad upper 14 with Security Risk Group (SRG) Latin Kings despite previous oral and even written objections, specifically, not to be housed in SRG (gang) houses.

12. While in the dayroom area, at approximately 2:45 p.m., I was approached, surrounded, repeatedly threatened and, ultimately, gang assaulted by several (four or five) inmates, which I believe was orchestrated by Defendant OFFICER CROFT.

13. Officer CROFT, being entirely present and just a few feet way, nevertheless, made no efforts to prevent or even to stop the assault by, at the least, the giving of direct orders, the use of mace ("O.C.") or press button ("PBA") for assistance.

14. Following the assault, OFFICER CROFT and BONILLA neglect to call for medical assistance despite Mr. Bradshaw's injuries

including, but not limited to, facial swelling and a superficial cut, and a severe gash on the back of Plaintiff's head which he was instructed to rinse with water and wipe with brown paper towels.

15. Moreover, OFFICER CROFT and BONILLA made Plaintiff remain in the housing unit an additional hour after the assault despite fact that the gash on Plaintiff's head continued to bleed.

16. OFFICER CROFT and BONILLA failed to report the incident and, at approximately 4:00 p.m., OFFICER CROFT brought Plaintiff in the Intake area <u>only</u> so that he would be <u>re-housed</u> in an effort to further conceal the matter.

17. While in the Intake area, however, Warden Tony Darente who immediately recognized Plaintiff's visible injuries <u>commanded</u> that Plaintiff promptly be taken to the clinic for treatment and that an injury report be generated with respects to the incident.

18. Approximately two hours after the savage beating, Plaintiff was taken to a medical clinic at Anna M. Kross Center (AMKC) for examination of his injuries suffered at the hands of other inmates in the presence of New York CIty Correction OFFICER CROFT.

19. Medical personnel at the AMKC clinic referred Plaintiff to West Facility and the Doctor there determined that Plaintiff had suffered a serious injury to his head.

20. Accordingly, the doctor at West Facility treated Plaintiff for his head injury.

21. As a result of the foregoing, Plaintiff suffered, inter-alia, serious physical injuries, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights-all to his detriment.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. §1983)

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23. All of the aforementioned acts or omissions of defendant, their agents, servants and employees were carried out under the color of state law.

24. All of the aforementioned acts or omissions deprived Plaintiff Jay Bradshaw, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

25. The acts or omissions complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, with the entire actual and/or apparent authority attendent thereto, and with the intent to discriminate on the basis of race.

26. The acts or omissions complained of were carried out by

the aforementioned individuals defendants in their capacityes as correction officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York CIty Department of Correction, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that condtituted a custom, usage, practice, procedure or rule of the respcective municipality/authority, which is forbidden by the Constitution of the United States.

28. As a result of the foregoing, Plaintiff Jay Bradshaw is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Violation of the Equal Protection Clause Under 42 U.S.C. §1983)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. The Defendants were deliberately indifferent toward Plainšiff Jay Bradshaw because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other inmates.

6

31. As a result of the foregoing, Plaintiff Jay Bradshaw was deprived of his rights under the Equal Protection Clause of the United States Constitution.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene Under 42 U.S.C. §1983)

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in pagagraphs numbered "1" through "31" with the dame force and effect as if fully set forth herein.

33. The Defendants had an affirmative duty to intervene on behalf of Plaintiff Jay Bradshaw, whose constitutional rights were being violated in their presence by other inmates.

34. The defendants failed to intervene to prevent the unlawful conduct described herein.

35. As a result of the foregoing, Plaintiff Jay Bradshaw was subjected to cruel and unusual punishment and he was put in fear of his safety and health.

36. As a result of the foregoing, Plaintiff Jay Bradshaw is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus costs and disbursement of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability Under 42 U.S.C. §1983)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in pagagraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. The supervisory defendants personally caused Plaintiff Jay Bradshaw's constitutional injury by being deliberately and/or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

39. As a result of the foregoing, Plaintiff Jay Bradshaw is entitled to compensatory damages in an amount to be fixed by a jury, is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability Under 42 U.S.C. §1983)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Department of Corrections

included, but not limited to subjecting inmates to cruel and unusual punishment and, in particular, subjecting inmates to cruel and unusual punishment by failure to protect and denial of immediate medical attention.

43. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of Jay Bradshaw's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to the acts and omissions complained of herein.

44. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Correction constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff Jay Bradshaw.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Correction were the moving force behind the Constitutional violations suffered by Plaintiff Jay Bradshaw as alleged herein.

46. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Correction, Plaintiff Jay Bradshaw was subjected to cruel and unusual punishment.

47. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff Jay Bradshaw's constitutional rights.

48. All of the foregoing acts or omissions by defendants deprived Plaintiff Jay Bradshaw of federally protected rights, including, but not limited to the right:

    A. To be free from cruel and unusual punishment and/or the failure to intervene;

    B. To receive equal protection under law.

49. As a result of the foregoing, Plaintiff Jay Bradshaw is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus costs and disbursement of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress Under the Law of the State of New York)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "49" with the same force and effect as if fully set forth herein.

51. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

52. The aforementioned conduct was committed by defendants while action within the scope of their employment by defedant City of New York.

10

53. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City of New York.

54. TRe aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff,

55. As a result of the aforemetioned conduct, Plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock and fright.

56. As a result of the foregoing, Plaintiff Jay Bradshaw is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus costs and disbursement of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring and Retention Under the Laws of the State of New York)

57. Plaintiff repeats, reiterates and realleges eaeh and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who were deliberately indifferent to Plaintiff's health and safety.

59. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the

11

of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

60. As a result of the foregoing, Plaintiff Jay Bradshaw is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus costs and disbursements of this action.

### AS AND FOR A EIGHTH CAUSE OF ACTION
(Negligent Training and Supervision Under the Laws of the State of New York)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

62. Upon information and belief, the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who were deliberately indifferent to Plaintiff's health and safety.

63. As a result of the foregoing, Plaintiff Jay Bradshaw is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount oto be fixed by a jury, plus costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Negligence Under the Laws of the State of New York)

64. Plaintiff repeats and reiterates each and every alleagaion contained in paragraphs numbered "1" through "64" with the same foree and effect as if fully set forth herein.

65. Plaintiff's injuries herein were caused by the carelessness, recklessness and nbgligence of the defendant City of New York and its employees and agents, who were on duty and actiog in the scope of their employment when they engaged in the wrongful conduct described herein.

66. As a result of the foregoing, Pláàntiff Jay Bradshaw is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Respondeat Superior Liability Under the Laws of the State of New York)

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when theyyengaged in the wrongful conduct described herein.

69. As a result of the foregoing, Plaintiff Jay Bradshaw is entitled to compensatory damages in an amount oto be fixed

by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus costs and disbursement of this action.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

70. I submitted grievance dated May 12, 2015; I submitted Appeal and Request for Formal Hearing dated May 21, 2015; I submitted Appeal to Warden dated June 3, 2015; and Appeal to Central Office Review Committee dated June 15, 2015 regarding, amongst other things, failure to protect.

71. However, at no stage in the grievance process did I receive a response and considered such a constructive denial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;
b. Punitive damages against the individual defendants in an amount to be determined by a jury;
c. Cost and disbursement of this action;
d. Pre-judgment interest as allowed by law; and
e. Such other relief as this Court shall deem just and pooper.

I declared under penalty of perjury that the foregoing is true and correct.

Singned this 23rd day of February, 2016

                                  Jay Bradshaw
                                  #895-14-00123
                                  Rikers Island-OBCC
                                  16-00 Hazen Street
                                  East Elmhurst, New York 11370

I declare under penalty of perjury that on this 23rd day of February, 2016, I am delieering this complaint to prison authorities to be mailed to the Pro Se Office of the United States District Court for the Southern District of New York.

                                  Jay Bradshaw

15

Jay Bradshaw
#895-14-00123
Rikers Island-OBCC
16-00 Hazen Street
East Elmhurst, New York 11370

February 23, 2016

United States District Court
Southern District of New York
500 Pearl Street, Room 230
New York, New York 10007

RECEIVED
SDNY PRO SE OFFICE
2016 MAR -8 AM 9:46

Re: Amended Complaint
    Jay Bradshaw v. City of New, et al.
    15 Civ. 8252 (LGS)

Dear Sir/Madam;

    Please find enclosed, the original and two (2) copies of my § 1983 (Amended) Complaint dated February 23, 2016.

Very truely yours,

Jay Bradshaw

Enclosure/
C: file



Jay Bradshaw
#895-14-00123
Rikers Island - OBCC
16-00 Hazen Street
East Elmhurst, NY 11370

RECEIVED
SDNY PRO SE OFFICE
2016 MAR -8 AM 9:46

Legal
Mail

United States District Court
Southern District of New York
500 Pearl Street, Room 230
New York, New York 10007